UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONRAD DEMETRIUS TRE WILLIAMS,

    Plaintiff,

v.

NIKKI BAINNER, *et al.*,

    Defendants.

CASE NO. C08-1000-RAJ-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Conrad Demetrius Tre Williams initiated the instant civil rights action in June 2008 while he was incarcerated in the Snohomish County Jail. He alleges in his amended complaint that institutional policies and his right to be free from cruel and unusual punishment were violated when he was denied the special diet necessary to accommodate his allergies to soy products and to chili spice.[1] Plaintiff identifies Nikki

---

[1] Plaintiff has been booked into the Snohomish County Jail 18 times since 1996. (*See* Dkt. No. 30 at 3.) It appears that the instant complaint pertains to plaintiff's most recent period of confinement which began on May 9, 2008, when plaintiff was booked into the jail, and ended on August 5, 2008, when plaintiff was apparently transferred into the custody of the Washington Department of Corrections.

REPORT AND RECOMMENDATION
PAGE - 1

Bainner, Sandy Dimmenl, and, A.R.A. Mark as defendants in this action. A.R.A. Mark was dismissed from this action prior to service.

Defendants Bainner and Dimmenl[2] now move for summary judgment or, in the alternative, for dismissal based upon plaintiff's failure to exhaust his administrative remedies. Plaintiff has filed an objection to defendants' motion. The Court, having reviewed defendants' pending motion, plaintiff's objection thereto, and the balance of the record, concludes that defendants' motion should be granted to the extent defendants seek dismissal of this action based upon plaintiff's failure to exhaust his administrative remedies, and that plaintiff's amended complaint and this action should be dismissed without prejudice.

## DISCUSSION

Defendants argue in their pending motion for summary judgment that plaintiff is barred from filing this lawsuit because he failed to properly exhaust his administrative remedies with respect to the claim asserted in his amended complaint. (Dkt. No. 28.) The record supports this argument.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper"

---

[2] Defendants, in their summary judgment motion, indicate that they believe plaintiff intends to name Snohomish County employees Nikki Behner and Sandra Needham as the defendants in this action. (Dkt. No. 28 at 3 n. 1.)

REPORT AND RECOMMENDATION
PAGE - 2

exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id.* at 93-95.

If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)(citations and footnote omitted).

The Snohomish County Jail has a three tier grievance procedure through which inmates may seek review of various aspects of their imprisonment. (*See* Dkt. No. 29.) The procedure involves first filing a grievance with the shift commander and/or supervisor. (*See id.*) If the inmate is not satisfied with the response received from the shift commander/supervisor, the inmate may file a second grievance for review by a manager. (*See id.*) If an inmate is not satisfied with the response received from the manager, the inmate may file a final grievance for review by the director of the facility. (*Id.*)

Defendants acknowledge in their motion papers that plaintiff filed a number of medical kites and grievances related to the issue of his allergies and the need for a special diet. Defendants assert, however, that plaintiff failed to properly appeal his grievances concerning his diet or to exhaust the administrative grievance appeals available to him. The parties have submitted documentation which demonstrates that plaintiff filed at least ten grievances related to the issue of his food allergies and his need for a special diet. While the record makes clear that plaintiff was not satisfied with the responses he received to many of his grievances, there is no indication in the record that plaintiff

REPORT AND RECOMMENDATION
PAGE - 3

made any attempt to appeal those responses to the next level of the grievance process.  Certainly, there is no indication that plaintiff ever sought review of his complaints concerning his allergies and his need for a special diet to the director of the Snohomish County Jail, the final state of the established grievance process.  Accordingly, this Court concludes that plaintiff failed to fully exhaust the grievance process with respect to his claim that he was denied the special diet necessary to accommodate his allergies, and that his amended complaint must therefore be dismissed.

## CONCLUSION

As it appears that plaintiff has not properly exhausted his administrative remedies with respect to the claim asserted in his amended civil rights complaint, this Court recommends that defendants' motion for summary judgment be granted to the extent that it seeks dismissal of this action based upon plaintiff's failure to properly exhaust his administrative remedies.  This Court further recommends that plaintiff's amended complaint and this action be dismissed without prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of June, 2009.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4